■ ABRAHAM ZION et al., Appellants, v HAROLD W. KURTZ et al., Respondents.—Order, Supreme Court, New York County, entered March 31, 1978, reversed, on the law, without costs, but with disbursements for reproducing the record to be shared equally, plaintiff-appellant-respondent's motion for partial summary judgment on the first cause of action granted to declare in favor of plaintiff-appellant-respondent as prayed for and to enjoin continuance of forbidden conduct pursuant to such declaration, and the motion of plaintiff-appellant-respondent to dismiss the counterclaim of defendants-respondents-appellants granted; and the cross motion of defendants-respondents-appellants for summary judgment dismissing plaintiff-appellant-respondent's second cause of action granted, and that cause dismissed. Plaintiffs-appellants-respondents moved at Special Term, in connection with their action for declaratory and injunctive relief against defendants-respondents-appellants, for summary judgment on their first cause of action and severance thereof, claiming violation of a shareholders' agreement between the parties, one of the provisions of which interdicted "business or activities" (emphasis supplied) on the part of a holding company, subject of the agreement, without the consent of a majority of class A stockholders. The latter are the plaintiffs. In short, it appears that, unless consented to by plaintiffs, the holding company was to have no function save as a repository. Defendants-respondents-appellants, however, caused the holding company to enter into an escrow agreement, which obligated it to pay substantial interest thereunder, and this without consent of plaintiffs. There is no issue of fact as to any of the matters described above. Special Term, however, misreading the quoted provision without the connective word "or" as "business activities," held that the activities were not unequivocally forbidden and that there is an issue as to the meaning of the agreement. Accordingly, summary judgment was denied to plaintiffs. In our view, there was no such issue, and plaintiffs were entitled to declaratory judgment that defendants had violated the agreement and that the violation should be enjoined as continuing irreparable harm. Defendants alleged in an affirmative defense and counterclaim that the words, as quoted, do not represent "the actual understanding and agreement of the parties," and seek reformation. This naked conclusory allegation sets out no cause for reformation, and in our view the motion to dismiss it should have been granted. Further, Special Term denied defendants' motion for summary judgment dismissing plaintiffs' second cause, which had asserted a further violation in that, without consent of plaintiffs, defendants had caused the holding company to form two subsidiary corporations. The record shows clearly and unequivocally, as defendants claim, that consent was actually given by plaintiffs' indorsements at the foot of letters dated October 15, 1976, separately as to each of the two subsidiaries. Concur—Murphy, P. J., Lane and Markewich,

JJ.; Sullivan, J., dissents in a memorandum, and Lynch, J., dissents in part in a memorandum, as follows:

Sullivan, J. (dissenting). I agree with the analysis contained in the partial dissent of Mr. Justice Lynch except for his conclusion that defendants should have been granted summary judgment dismissing the plaintiffs' second cause of action. This motion was properly denied because the written consents at the foot of the letters of October 15, 1976 were subject to a condition never fulfilled. Defendants contend that plaintiffs' attorney, who was to do so, never prepared amendments to the June 22, 1976 agreement. On the other hand, plaintiffs contend that drafts of an amendment were prepared and rejected by defendants. Thus, an issue of fact exists sufficient to bar summary judgment. Consequently, I would affirm the order at Special Term.

Lynch, J. (dissenting in part). I dissent from that part of the majority opinion granting summary judgment to plaintiffs on their first cause of action and dismissing defendants' affirmative defense and counterclaim and would affirm in those aspects the order of Special Term. Defendants organized Lombard-Wall Group, Inc. (the holding company) as a vehicle for the purchase of the stock of Lombard-Wall, Inc. (the operating company). The purchase was financed by a short-term loan from a Swiss bank. Payment of the loan was made possible by a $4,000,000 loan from the operating company to the holding company in exchange for a noninterest-bearing note. Under two contemporaneous instruments, a stockholders' agreement and a loan and security agreement, plaintiff Zion was made a class A shareholder of the holding company, while Zion's Half Moon Land Company guaranteed the note with a mortgage on land it owned in California. A stated purpose of this arrangement was to enable the operating company to carry the note on its books at its face value. After the execution of these agreements, defendants' accountants informed them, contrary to an earlier opinion, that the note could not be carried at face value unless it were interest bearing. To cure this defendants executed an interest agreement to make the note bear interest at 12% per annum and an escrow agreement to facilitate its payment. The plaintiffs' first cause of action alleges that the holding company's entry into the interest and escrow agreements was an indulgence in "business or activities" forbidden by their contract. I disagree with the finding of the majority that "the holding company was to have no function save as a repository". Its mandate was to refrain from "any business or activity of any kind * * * other than the acquisition and ownership of the stock of [the operating company]". Thus it was expressly authorized to engage in any business or activity necessary to the acquisition and ownership of the stock. The stockholders agreement provided: "In order for the business and affairs of [the operating company] to be conducted properly, it is important that the Note continue to be valued at the guaranteed amount [$4,000,000]". The preservation of the value of the note was at the heart of the stock acquisition and ownership scheme. Consequently I find an issue of fact remaining whether the execution of the interest and escrow agreements was a necessary and permitted activity or was unnecessary and forbidden. In the event that it should be found that the defendants' activity was forbidden by contract, they seek by counterclaim reformation on the ground of mutual mistake. Plaintiffs support their motion for summary judgment to dismiss it solely upon the contention that any mistake would be one of law not able to be remedied by reformation. CPLR 3005, however, provides that "When relief against a mistake is sought

in an action or by way of defense or counterclaim, relief shall not be denied merely because the mistake is one of law rather than one of fact". Taking as evidence all of the instruments that accumulated in this transaction I find sufficient support for the defendants' allegations to justify denial of a remedy as drastic as summary judgment (see *Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). I am in accord with the majority opinion's reasoning that the defendants should be granted summary judgment dismissing the plaintiff's second cause of action. Settle order.