■ ABRAHAM ZION et al., Respondents, v HAROLD W. KURTZ et al.,

Appellants.—Order, Supreme Court, New York County, entered August 6, 1979, in this action for, *inter alia,* a declaratory judgment and damages for breach of a shareholder's agreement, which denied defendants' motion to dismiss the complaint on the grounds of collateral estoppel, unanimously affirmed, with costs and disbursements. This court decided an appeal in another action by these plaintiffs against these defendants (see *Zion v Kurtz,* 67 AD2d 858). Thereafter, in response to a motion by the defendants, we held that part of our decision had been rendered moot (see *Zion v Kurtz, supra,* p 882), which holding the defendants now contend collaterally estops this subsequently commenced action. We hold that there is not the identity of issues necessary for collateral estoppel (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). When we stated on the mootness motion, "Our grant of injunction, prospective relief only, would be moot, there no longer being an agreement capable of future violation", we were speaking in an action in which the issue presented was whether one of the defendants had violated an agreement between the parties by entering into an interest and escrow agreement. The instant action poses a different issue, whether the defendants' borrowings to terminate an agreement with plaintiffs is a breach of that agreement. All of us agree that a determination of a motion to declare part of an appellate decision moot in an action on one issue cannot collaterally estop an action raising a different issue. Some of us would hold that a declaration of mootness is not a decision in anyone's favor, being only a determination that a decision has no purpose, and hence can never be the basis of collateral estoppel. Concur—Murphy, P. J., Kupferman, Silverman, Bloom and Lynch, JJ.