■ BEVERLY E. BRENNAN, as Administratrix of the Estate of KYRAN J. BRENNAN, JR., Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39467.)— Appeal from an order of the Court of Claims, entered October 13, 1970, which denied the State's motion for summary judgment. Claimant's wrongful death action in Supreme Court against the contractors resulted in a verdict in favor of the defendant contractors. Except for the allegation that the lights beyond the barricade where the accident occurred created an illusion that the expressway continued, the negligence alleged against the State and the contractors is practically identical. On the trial claimant offered proof that there were no lights on the barricade, nor any warning signs. This testimony was contradicted by defendents' witnesses. The trial court charged the jury that the sole responsibility for design, including the number and location of signs, was entirely that of the State. It is the State's contention on this appeal that collateral estoppel bars claimant from retrying those issues unsuccessfully pursued in Supreme Court. The test for the applicability of collateral estoppel is whether the party against whom estoppel is sought to be applied has had a full opportunity to litigate a particular issue. (*Schwartz* v. *Public Administrator,* 24 N Y 2d 65.) An examination of the pleadings and the record of the Supreme Court trial reveals that claimant was afforded a full opportunity to try all issues alleged in the present claim with the exception of those pertaining to design and the illusion created by the lights beyond the barricade. (See *Bronxville Palmer* v. *State of New York,* 25 A D 2d 709, affd. 18 N Y 2d 560.) Order modified, on the law and the facts, to the extent of granting summary judgment as to all issues of negligence except those of design and the illusion created by the lights beyond the barricade, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur. [64 Misc 2d 213.]