■ RICHARD R. DIEHL, Appellant, v MARGARET C. MACK REAL ESTATE, INC., et al., Respondents.—Judgment unanimously affirmed, without costs.

Memorandum: Plaintiff appeals from a judgment which dismissed his amended complaint at the close of the plaintiff's proof. Defendant real estate brokerage corporation and its employee agent, defendant Turner, had secured an offer from plaintiff to purchase a restaurant business and real property listed with defendants. The business and real property upon which it was located was owned by defendants' client, one Herbert Brueckner. Included in the purchase offer was a parking lot adjoining the restaurant property, title to which was in Mr. Brueckner and his wife as tenants by the entirety. The purchase offer was accepted by Brueckner alone and he and his wife refused to complete the transfer, claiming that the absence of the wife's signature invalidated · the contract. A specific performance action against both Brueckners resulted in a judgment for the plaintiff. The trial court directed the transfer of the property to the plaintiff but denied him a claim for alleged lost profits from plaintiff's sale of his own business, which he sold immediately upon the acceptance of the purchase offer by Brueckner. An appeal to our court by Brueckner resulted in an affirmance of the specific performance judgment (42 AD2d 688). In the instant action the complaint alleges three causes of action. The first principally dealt with alleged loss of profits which plaintiff claimed he suffered as a result of being out of business for about two years between the date of the selling of his business and the transfer of the restaurant business to him. These damages were denied him in the specific performance action. That prior determination and our affirmance of it collaterally estops plaintiff from relitigating the question of damages. In *Mink v Keim* (291 NY 300, 304), the court held that a party is collaterally estopped from introducing proof on a matter where: "the two actions * * * 'have such a measure of identity that a different judgment would destroy or impair interests established by the first' ". (See, also, *McCrory Corp. v Gingold*, 52 AD2d 23, 27; *Brennan v State of New York*, 39 AD2d 803; *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 69.) It is difficult to classify the second cause of action. Its principal allegation is that because of having failed to bring the selling husband and wife together (presumably to have induced the wife to sign the purchase offer), this was an "improper activity * * * [and] was an intentional, improper and reckless manner of acting, causing the plaintiff financial loss herein". This cause must be considered with the third cause of action which attempted to allege fraud by reason of the "implied representations" by the defendants that they knew how to draw a purchase offer and that the "representations * * * were false and * * * defendants knew, or in the proper performance of their representations, should have known that they were so and that the plaintiff would rely thereon". There was no proof to support these allegations. On the argument of the motion to dismiss, plaintiff's attorney candidly stated that "it is our position that there was no deliberate misrepresentation" but that they were "inaccurate and in a sense untrue". In the circumstances the trial court properly dismissed the second and third causes of action. The complaint and the proof presented by plaintiff left the court no alternative. (Appeal from judgment of Monroe Supreme Court—motion to dismiss.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.