OPINION OF THE COURT
Edward C. Alfano, J.
Petitioner landlord, James J. McKeon (McKeon) commenced summary proceedings against respondent tenant, Prudential Lines, Inc. (Prudential) and respondent subtenants, Lifetime Cutlery Corp. (Lifetime) and Centennial Industries, Inc. (Centennial) for nonpayment of the rent for October, 1980 in the sum of $27,083.36 pursuant to the terms of a 10-year lease commencing January 1, 1975 whereby McKeon, as owner, rented to Prudential, the entire warehouse located at 814 Third Avenue, Brooklyn, New York. Prudential subleased the warehouse to Lifetime and Centennial and is collecting rent therefor.
Prudential in its answer admits it has not paid the rent and denies that McKeon made a demand for it. Prudential’s affirmative defenses numbered “second” through “seventh” assert that McKeon, in collusion with and by means of bribes to Prudential’s vice-president and member *874 of its board of directors, John R. Maraño (Maraño), fraudulently, illegally and in violation of the Penal Law of the State of New York and the United States Code, induced Prudential to enter into the subject lease. Therefore, Prudential contends, McKeon is not entitled to any rent. Furthermore, it is Prudential’s position that it may remain in possession of the warehouse for the balance of the term of the lease, approximately four years, without paying rent while nevertheless, collecting rent from its sublessees.
Contemporaneously, with this proceeding, there is pending in the Supreme Court, New York County, an action by Prudential against McKeon for reformation of the subject lease and for money damages in the sum of $750,000 in connection therewith. Prudential has also instituted and there is now pending in the United States District Court for the Southern District of New York an action for money damages and for a declaratory judgment based on the above-mentioned claims.
Prudential now moves in the proceeding at bar for an order (1) allowing Prudential to obtain discovery of McKeon and certain nonparty witnesses, (2) adjourning the trial of this proceeding until discovery is completed and (3) striking McKeon’s notice that he will move at the trial to amend his petition herein with respect to the amounts claimed for rent, taxes, interest, penalties and counsel fees.
McKeon cross-moves to strike Prudential’s afore-mentioned affirmative defenses and Prudential’s demand for a jury trial.
The motion and cross motion are consolidated for disposition and the following constitutes the decision and order of this court.
That branch of McKeon’s motion to strike said affirmative defenses invokes the doctrine of res judicata and refers this court to Docket No. L&T 40911/79 wherein McKeon instituted in this court a prior summary proceeding against Prudential for nonpayment of rent under the same subject lease for the months of January, February, and March, 1979. Prudential in that summary proceeding interposed the affirmative defense that McKeon had made illegal kickback payments to Maraño who, as Prudential’s *875 vice-president and member of the board of directors, had negotiated the lease and that since McKeon’s conduct was in violation of section 180.00 of New York’s Penal Law McKeon was not entitled to receive the rent provided in the lease. However, on McKeon’s motion, Judge Anne G. Feldman, sitting in the Landlord and Tenant Part of this court, dismissed that affirmative defense.
McKeon now urges that the gravamen of each of the affirmative defenses “second” through “seventh” in the instant proceeding is identical to that of the affirmative defense dismissed by Judge Feldman in the prior proceeding and that this court is now bound by the doctrine of res judicata. McKeon contends that the court is therefore required to dismiss the affirmative defenses herein.
It is the position of Prudential that the doctrine of res judicata may not be applied because of a stipulation entered into by the parties at the time of trial in the prior proceeding. The stipulation was dictated into the record in open court by Judge Richard A. Goldberg and in its entirety reads as follows:
“the court: It is hereby stipulated, consented to and agreed by and between the respective parties all appearing by their counsel that the within action is hereby settled on the following terms and conditions:
“1. All sides consent that Petitioner shall have final judgment against the Respondent Prudential Lines, Inc. in the sum of $82,838.77 as well as Judgment of Possession, Warrant to issue forthwith. Execution, however, shall be stayed until April 2,1979. If payment is made on or before March 30, 1979 then the within judgment and warrant shall be vacated and have no further effect.
“2. In the event payment is made as aforesaid all parties agree that the within action shall be discontinued without prejudice to either side including all cross-claims and counterclaims. All parties acknowledge that Respondent Centennial has filed a Petition in Chapter 11, Section 322 of the Bankruptcy Act in the Bankruptcy Court, United States District Court, Southern District of New York, Index No. 78B1637 before the Honorable Judge John Gal-gay, and accordingly Centennial’s motion in this case is hereby withdrawn.
*876 “the court: So ordered.”
Prudential’s position is that the stipulation deprives Judge Feldman’s decision of any res judicata effect.
The doctrine of res judicata has been developed through the years as a means of ending matters that have been decided in prior judgments or litigation. This is to avoid unjustified duplication and overburdening of the courts and the opposing party. The rationale is that once the party involved has had a full opportunity to litigate a particular issue, he cannot reasonably demand a second one. (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 69, citing Liberty Mut. Ins. Co. v Colon & Co., 20 NY 305; Brennan v State of New York, 39 AD2d 803.) This is also true in applying the doctrine of collateral estoppel which is the applicable doctrine in this proceeding. (Schwartz v Public Administrator, supra.)
Under the holding of Schwartz v Public Administrator (supra), the only requirement is that a full opportunity to litigate the issue be afforded to a party in the prior action and if he has failed to prove his freedom from liability, or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.
Prudential does not urge nor does the court find that Prudential did not have a full and fair opportunity to litigate in the prior proceeding the issue of the propriety of the subject affirmative defense before Judge Feldman in the context of the circumstances of that case. That issue was in fact litigated and decided by Judge Feldman adversely to Prudential. However, Prudential elected not to appeal but to pay the rent and satisfy the judgment. While the stipulation purports to vacate the judgment it is obvious that by payment of the rent due, Prudential in fact satisfied the judgment.
Assuming, arguendo, that the judgment was vacated pursuant to the stipulation, the finding by Judge Feldman that the defense was improper nevertheless survives since the issue thus decided had been litigated. That finding is binding on this court under the doctrine of collateral estoppel. The stipulation between the parties may not deprive the court of its inherent power to apply the doctrines of res *877 judicata or collateral estoppel. These doctrines, essential as they are to promote finality in the resolution of disputes may not be denied to the court by agreement of the litigants.
Prudential further argues that Judge Feldman erred in dismissing the affirmative defense and in relying on Rosenwasser v Amusement Enterprises (88 Misc 57), which holds that fraud or illegality in inducing a tenant to make a lease is not a defense in an action for rent so long as the tenant remains in possession of the leased property.
Assuming that Judge Feldman did in fact err, Prudential is nevertheless collaterally estopped from relitigating the propriety of the affirmative defense. In the case of Matter of Reilly v Reid (45 NY2d 24, 28) the court states: “The policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts *** Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation.”
Were the court to subscribe to Prudential’s contention that the stipulation eliminates the applicability of res judicata or collateral estoppel on the issue of the affirmative defenses herein, the court would nevertheless decline and does decline to adopt Prudential’s position that proof that McKeon procured the subject lease by paying illegal bribes and kickbacks would deprive McKeon, as a criminal wrongdoer, of all rights of access to the courts and would require dismissal of the instant summary proceeding. Prudential cites the cases of Sirkin v Fourteenth St. Store (124 App Div 384) and McConnell v Commonwealth Pictures Corp. (7 NY2d 465) as supportive of its position.
It is the view of this court, however, that there is a fundamental distinction between the facts of the instant proceeding and the facts in both of the cases relied upon by Prudential. While the Sirkin and McConnell cases deny to the wrongdoer the right to recover for services already rendered or for goods already sold and delivered, neither case requires the wrongdoer to continue to provide in *878 futuro services or goods without being compensated therefor. Prudential maintains that not only may it refuse to pay past-due rent but that McKeon is obligated to continue to provide the use of the warehouse for the next four years without any compensation therefor. It contends that it need not pay rent because the lease was procured illegally. Yet it refuses to repudiate the lease while nevertheless claiming the right of possession under the illegal lease.
Unlike the cited cases, the case at bar involves a leasehold on real property. Is McKeon therefore obligated to pay real estate taxes, make mortgage payments and maintain the warehouse in accordance with the building code and applicable ordinances while Prudential continues to collect rent from its subtenants and not pay rent itself? While the Legislature provided for criminal sanctions against perpetrators of commercial bribery, it did not contemplate nor should the court contemplate under the circumstances present here the granting to a lessee of real estate carte blanche to remain in possession gratis and in perpetuity.
Moreover, while the Sirkin and McConnell cases deal with illegal conduct of nonofficer agents of a corporation the case at bar deals with illegal conduct of an officer and director of the respondent corporation. Since a corporation operates through the acts of its officer and directors, the admittedly illegal conduct of Maraño became in fact the illegal conduct of Prudential, rendering Prudential in pari delicto with McKeon unlike the adverse parties in either Sirkin or McConnell. This difference, also vitiates the applicability of the holdings therein.
Prudential presumes to deny .McKeon any benefits which may be derived from his claimed illegal conduct while presuming to benefit with impunity from its own illegal acts.
It is the court’s view that the holdings in Sirkin and McConnell are not applicable in a summary proceeding for nonpayment of rent where the tenant fails to repudiate or rescind the lease and elects to remain in possession. The court is of the view, rather, that the holding in Rosenwasser v Amusement Enterprises (88 Misc 57, supra), is controlling.
*879 That branch of McKeon’s motion to strike Prudential’s affirmative defenses “second” through “seventh” is therefore granted. Prudential’s motion for discovery, thereby rendered moot, is denied.
Prudential is relegated to its plenary actions pending in the Supreme Court of New York County and the United States District Court where it has had and may continue to have discovery in the subject issues and may press its claims for money damages and injunctive relief against McKeon. The summary proceeding pending in this court is to be concluded with the expedition envisioned by the Legislature when summary proceedings were enacted.
That branch of McKeon’s motion to strike Prudential’s jury demand is also granted. Inasmuch as the affirmative defenses are stricken and fraud and illegality, in the circumstances of this case, are no longer issues in this proceeding, the lease stands and the waiver of jury clause contained therein remains in full force and effect.
That branch of Prudential’s motion seeking an order to strike McKeon’s notice that he will move at the trial of this proceeding to amend the petition is denied. The notice raises no issue to be determined at this time. McKeon’s request will be made to the Trial Judge and whether it is to be granted or not is within the province and sound discretion of the Trial Judge.
This proceeding shall proceed to trial in Part 35 of this court on May 11, 1981.