■ In the Matter of JOSEPH E. HANK et al., Appellants, v MICHAEL J. CODD, as Police Commissioner of the Police Department of the City of New York, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County, entered in the office of the clerk on March 22, 1976, denying petitioners' application under CPLR article 78 to annul the determination of the police commissioner dismissing them as officers of the police department and granting respondent's cross motion to dismiss their petition, unanimously affirmed, without costs and without disbursements. At Special Term, petitioners in seeking review of their dismissal, asserted that "their rights under the Fifth and Fourteenth Amendments to the Constitution were violated" by the department. Petitioners had been indicted on charges of burglary, grand larceny and official misconduct. While the criminal charges were pending, departmental charges and specifications arising out of the indictment were brought against them, but were adjourned pending the determination of the criminal proceeding. At an inquiry undertaken by the police department, each petitioner was asked to answer questions, under immunity, as to the performance of their duties as police officers. Each was told his answers could be used in the pending departmental proceeding against him but not in the criminal proceeding, and that if he did not

answer the questions he would be subject to dismissal. Upon each officer's refusal to answer, he was served with charges and specifications for such refusal and a departmental hearing was scheduled thereon. Petitioners sought injunctive relief from the Federal court to restrain the respondent from conducting said hearing, claiming violation of their Fifth and Fourteenth Amendment rights. The court denied their application, finding that the offer of immunity and the departmental procedures were sufficient to meet constitutional requirements and that petitioners' dismissal for refusal to answer questions was not violative of their constitutional rights (see *Hahn v Codd,* 75 Civ 1726 [April 28, 1975, Stewart, J.]). At the departmental trial which followed on the charges and specifications of petitioners' refusal to answer, they were found guilty and thereafter were dismissed from the force. Special Term's action in dismissing petitioners' application and granting of respondent's cross motion was proper. Despite petitioners' claim that the relief sought in the Federal court differs from the relief requested here, the issue raised now is the issue previously decided there. Petitioners' Fifth and Fourteenth Amendment arguments were fully explored in the Federal court and found to be lacking in merit. Where an issue is litigated and necessarily decided by a court of competent jurisdiction, that determination bars any other suit where that same issue is decisive, "whether or not the claim or demand, purpose, or subject matter of the two suits is the same". (See *Friedman v State of New York,* 24 NY2d 528, 535; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71.) Accordingly, the judgment is affirmed. Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Lane, JJ.