■ NICHOLAS TURTURRO, an Infant, et al., Respondents, v WAYNE STEVENS, an Infant, et al., Appellants.—In an action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Suffolk County, dated February 28, 1977, which granted plaintiffs' application for a special preference. Order reversed, without costs or disbursements, and application for a special preference denied. The court abused its discretion in granting the special preference. A clear case of liability does not entitle a plaintiff to have his or her action preferred for trial over the other actions on the calendar. The remedy in such a situation is a motion for summary judgment (see *Binninger v Grillo,* 28 AD2d 1100). A court cannot make a finding of bad faith under CPLR 3403 simply because it disagrees with the amount which the defendant has offered for settlement *(Oaklander v Sodikoff Contr. Co.,* 35 AD2d 960). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ SHANDE WEISS, Formerly SHANDE SCHWARTZ, Appellant, v ROSS RENTAL SERVICES, INC., et al., Respondents, et al., Defendant.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated June 15, 1976, which, *inter alia,* granted respondents' motions to dismiss the complaint and (2) so much of a further order of the same court, dated September 8, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated June 15, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order made upon reargument. Order dated September 8, 1976 affirmed insofar as appealed from, without costs or disbursements. In a prior action, a jury determined that appellant had negligently caused the accident by grabbing the steering wheel of the automobile in which she was a passenger. Such a finding was necessary in order for the former party plaintiffs to have recovered against appellant. She is therefore barred from bringing the present action, which is based upon her own lack of care (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Appellant's contention that she did not have a full and fair opportunity to contest the prior decision is without merit. Although her attorneys discontinued the appeal from the judgment in the prior action, appellant was free to substitute any other attorney in order to perfect the appeal. Since she failed to do so, it can only be concluded that the appeal had been abandoned. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.