■ JAMES DI TONDO, Appellant, v H & R BLOCK, INC., Respondent.— Appeal from an order of the Supreme Court at Special Term, entered June 20, 1977 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint. Plaintiff and defendant entered into a "Managers Agreement" whereby plaintiff was employed by defendant. By a letter dated June 23, 1972, plaintiff was informed that his employment was being terminated effective July 9, 1972, pursuant to paragraph nine of the agreement. Plaintiff subsequently applied for unemployment insurance benefits and the initial determination of the Industrial Commissioner disqualified plaintiff from receiving benefits on the ground that he lost his employment through misconduct in connection therewith. Following a hearing at which plaintiff appeared with his attorney, the referee found that plaintiff had not taken the most direct route to a conference, as required by his employer, and that he reported on his expense account mileage substantially in excess of that required to get to the conference. The referee concluded that plaintiff's actions amounted to misconduct and sustained the initial determination. The referee's decision was affirmed by the Unemployment Insurance Appeal Board and plaintiff did not seek judicial review. Plaintiff thereafter instituted the present action based on breach of contract. Special Term granted a motion by defendant to amend its answer so as to assert a defense of collateral estoppel and for summary judgment dismissing the complaint. This appeal ensued. The dispositive issue in this case is whether or not the plaintiff is, as a matter of law, precluded from asserting that he duly performed his contract and the defendant breached the contract in terminating his employment. It is contended that issue preclusion as defined in *Matter of American Ins. Co. (Messinger—Aetna Cas. & Sur. Co.)* (43 NY2d 184, 189) is applicable in the present case as if the prior proceeding had been one between the same parties. However, the employer of an employee is not necessarily a party to an unemployment insurance proceeding (Labor Law, §§ 620, 621, 624; 12 NYCRR 461.2) and in this particular case was not a party. Both the referee's decision and the decision of the Unemployment Insurance Appeal Board notes that the only appearances were by the claimant and a representative of the Industrial Commissioner. Accordingly, the plaintiff is entitled to a full consideration of the elements of issue preclusion as set forth in *Schwartz v Public Administrator of County of Bronx* (24 NY2d 65). The plaintiff's counsel has alleged that the right of cross-examination was abridged at the referee hearing and such an allegation would clearly put in question whether or not plaintiff had a full and fair opportunity to contest the issues. Order modified, on the law, by reversing so much thereof as granted defendant's motion for summary judgment, motion denied, and, as so modified, affirmed, with costs. Staley, Jr., and Herlihy, JJ., concur; Mikoll, J., concurs in the result only; Sweeney, J. P., and Larkin, J., dissent and vote to affirm in the following memorandum by Sweeney, J. P. Sweeney, J. P. (dissenting). We are unable to agree with the majority that there must be a reversal and, consequently, dissent and vote to affirm. The Court of Appeals has recently stated that where the issue of collateral estoppel, termed "issue preclusion", arises between the same parties, the analysis in *Schwartz v Public Administrator of County of*

*Bronx* (24 NY2d 65) does not apply *(Matter of American Ins. Co. [Messinger —Aetna Cas. & Sur. Co.],* 43 NY2d 184). In that case, an insurance company which was previously involved in an arbitration proceeding with another insurer was precluded in a subsequent action from litigating with that insurer an issue decided in the arbitration proceeding. Since the parties were the same as had been involved in the arbitration proceeding, a much more rigid standard was found applicable than that applied in *Schwartz.* Consequently, such a standard should be applied in the present case if the defendant was a party in the unemployment insurance proceeding. In our view, defendant was a party to the prior proceeding. The fact that defendant did not appear before the referee or the Unemployment Insurance Appeal Board does not establish that defendant was not a party. Section 620 (subd 1, par [b]) of the Labor Law applies only to the notice of hearing requirements in an employer's case concerning contributions and obligations under article 18 of the Labor Law (12 NYCRR 461.2). Although section 620 specifies that an employer shall be deemed a party in such a case, nothing in the statute, or in article 18, specifies who shall be deemed a party in a claimant's case regarding eligibility for benefits under section 620 (subd 1, par [a]). However, by regulations, notice of hearing was required to be given to the employer as a "part[y] affected" by the claimant's case (12 NYCRR 461.3 [a]). In our opinion, the employer should, therefore, be deemed a party to the proceeding, even though he declined to appear. Based on such a conclusion and in light of *Matter of American Ins. Co. (Messinger—Aetna Cas. & Sur. Co.) (supra),* we conclude that plaintiff was properly precluded from relitigating the issues of whether he failed to take a direct route as required by his employer, and whether he reported substantially excessive mileage on his expense account. Plaintiff also contends that even if he is precluded from relitigating the issues involved in the board's determination of misconduct, summary judgment was improperly granted. The issue narrows to whether the employer breached its contract with plaintiff by dismissing him based on his misconduct as found by the board. The contract in issue provides in paragraph 9, in partinent part, as follows: "If Employee shall fail to perform or comply with any term or provision hereof, and if such failure continues for more than 10 days after notice thereof from the Company, then Company may, at its option, terminate this Agreement. Employee's failure to * * * carry out any policy, instruction or directive of the Company, shall, without limitation, constitute a failure of performance under this Agreement." Plaintiff's conduct of taking an indirect route and reporting inaccurate mileage, as found by the board, clearly constitutes a failure of performance as defined in the agreement. Plaintiff also argues that the agreement required the employer to notify him and give him 10 days to correct his "failure". Since plaintiff's failure of performance was such that it could not be corrected, the employer was not obligated to give plaintiff 10 days to correct his conduct. Plaintiff has raised no factual issues regarding the interpretation of the agreement, and, consequently, its interpretation becomes a question of law for the court *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). In view of the fact that plaintiff's failure of performance concerned conduct which could not be corrected, the paragraph in question only required the employer to give appellant 10 days' notice of his termination. Such notification was given, and, therefore, in our opinion, there was no breach of contract on the part of defendant and summary judgment dismissing the complaint was properly granted.