■ RUTH H. BERRY, Respondent, v ROY A. BERRY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered March 19, 1982 in Schenectady County, which denied defendant's motion to dismiss the complaint. The parties to this action entered into a separation agreement on August 17, 1971, which provided, in pertinent part, that defendant husband would pay $90 per week for the support of the children "until such time as the children reach their majority". This separation agreement further provided that its terms would survive any action for divorce. The parties were subsequently divorced, the judgment of divorce providing that the terms of the separation agreement "are incorporated herein and made a part of this judgment". On April 30, 1980, plaintiff filed petition for modification and

enforcement of the divorce decree in Family Court, seeking arrears of some $11,000, upward modification of the alimony payment, and payment of $90 per week until the youngest of the parties' four children reaches majority. After trial in Family Court, plaintiff commenced an action in Supreme Court, seeking $17,415 for breach of the separation agreement. Defendant moved, *inter alia,* to dismiss plaintiff's Supreme Court action on the ground that it may not be maintained because of collateral estoppel (CPLR 3211, subd [a], par 5). This motion was denied and the present appeal was then commenced. Defendant contends that the instant breach of contract action should be dismissed on the ground that Family Court has already decided the issue of enforcement of child support and, therefore, this action is barred by collateral estoppel. Defendant's position is based upon Family Court's necessary interpretation of the separation agreement in order to make its determination. Since the parties had a full opportunity to litigate the issues concerning the interpretation of the separation agreement, they are barred by collateral estoppel from relitigating the same issues, albeit in the content of a different cause of action (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 70-71). In so holding, we note Family Court determined that under the terms of the contract, defendant's obligation to support each child terminated as each attained age 21 and thus a 25% reduction of the total support obligation when a child attained age 21 was appropriate. However, a calculation of the amount due plaintiff under the separation agreement was not made by Family Court and, accordingly, collateral estoppel does not bar Supreme Court from entertaining this action. As Special Term pointed out, Family Court could and, in fact did, cancel arrears pursuant to section 458 of the Family Court Act. Specifically, after interpreting the pertinent paragraph of the separation agreement, Family Court, "acting as a Court of equity", canceled certain amounts that plaintiff was due under the agreement.* Consequently, Family Court's determination of the amount owed plaintiff was not based upon a determination of the amount due plaintiff under the separation agreement. Order modified, on the law, by adding thereto a provision that issues involving interpretation of paragraph 3 of the separation agreement insofar as decided by Family Court may not be relitigated in the present action, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.

---

* As noted previously, Family Court determined that under the terms of the separation agreement defendant's obligation to support each child continued until that child reached age 21. However, leaving this interpretation intact, Family Court exercised its equitable powers to cancel arrears for that period when, prior to attaining age 21, two of the parties' children were in the Armed Forces. Family Court refused to cancel arrears in the amount of $3,532.50 due under the terms of the agreement on behalf of the parties' child, Janet. This sum represented $22.50 weekly (25% × $90) for the 157-week period immediately prior to Janet's twenty-first birthday.