OPINION OF THE COURT
Memorandum.
Appeal dismissed.
 The purported order does not recite the papers it was based on and is thus not appealable (see, Matter of Dondi, 63 NY2d 331; Arena v City of New York, 23 AD2d 847). The appeal involves a case of first impression as to the effect of reparation in a criminal proceeding upon a subsequent civil suit for damages by the victim. Were the matter properly before us we would be inclined to affirm. The payment of reparation awarded by a court in a criminal proceeding does not bar a subsequent action against a defendant to recover *471 damages in excess of the reparation awarded (Penal Law § 60.27 [6]). Moreover, the doctrine of collateral estoppel applies where a party has had a full and fair opportunity to contest the prior determination (Kaufman v Lilly & Co., 65 NY2d 449; Schwartz v Public Administrator of County of Bronx, 24 NY2d 65). It cannot be said that the victim of a crime has such a full and fair opportunity to litigate the amount of reparation in the criminal proceeding.
We note that a conviction for a petty offense does not necessarily preclude a defendant from disputing the merits of a civil action predicated on the underlying facts upon which the conviction was based (Gilberg v Barbieri, 53 NY2d 285). However, although defendant was convicted of a violation, she was apparently charged with several misdemeanors. Moreover, she has conceded liability for the damage in her brief on appeal but only questions the extent of the liability.
Kassoff, J. P., Monteleone and Lerner, JJ., concur.