■ CHARLES GRATZ et al., Respondents-Appellants, v ALLIED PRODUCTS CORPORATION et al., Defendants, WHITE FARM EQUIPMENT COMPANY et al., Respondents, and AMERADA-HESS CORPORATION, Appellant, et al., Third-Party Plaintiff, et al., Third-Party Defendant.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered June 7, 1990, which, *inter alia,* granted summary judgment to defendant White Motors Corporation against plaintiffs and defendant Amerada-Hess Corporation, is unanimously affirmed, with costs.

The instant action arises out of an accident which occurred in January 1985 when plaintiff Charles Gratz was injured while operating a crawler-tractor manufactured in 1954 by The Oliver Corporation. Thereafter, plaintiff sued various parties alleging, *inter alia,* that Amerada-Hess Corporation and/or White Motors Corporation were the corporate successors of The Oliver Corporation for purposes of imposing tort liability. We have reviewed the record and determined that the IAS court properly granted White Motors' motion for summary judgment on the basis that it merely purchased the assets of The Oliver Corporation and is not responsible for liabilities arising out of this accident.

In October 1960, The Oliver Corporation entered into an agreement to sell its farm equipment business to White Motors. White Motors did not acquire Oliver's cash, accounts receivables or liabilities, although it did agree to assume a portion of Oliver's liability limited to warranty provisions

concerning the quality of the farm equipment. Simultaneously, Oliver changed its name to Cletrac Corporation. After White Motors' acquisition of the farm equipment assets and name, the "new" Oliver Corporation became a wholly owned subsidiary of White Motors. A subsequent agreement, in 1961, resulted in the sale of Cletrac's assets of its crawler-tractor division to White Motors. In 1962, Cletrac merged with Hess, Inc., Hess Trading and Transport, Inc. and Modern Solvents and Chemical Corporation to form the new entity called Hess Oil and Chemical Corporation. Finally, in 1969, Hess Oil and Chemical Corporation merged with Amerada Petroleum Corporation to form the present day entity of Amerada-Hess Corporation. The series of agreements pertaining to these corporate mergers demonstrates that Amerada-Hess is the successor of the original Oliver Corporation, for purposes of imposing tort liability for injuries arising out of crawler-tractor manufactured in 1954.

Here, White Motors' purchase of certain assets of the original Oliver Corporation did not make it liable for the torts of its predecessor (*Schumacher v Shear Co.*, 59 NY2d 239, 244-245) and none of this state's recognized exceptions to this rule (implied or expressed assumption of predecessor's tort liability; consolidation of mergers of seller and purchaser; purchasing corporation's mere continuation of the selling corporation; or fraud in the transaction to avoid liability) exist here.

Contrary to appellants' contention, a decision by a New Hampshire Superior Court, *Lambert v Sheet Metal Specialists* (No. C-84-1371, Apr. 21, 1988), cannot be used to collaterally estop defendant White Motors from claiming that Amerada-Hess, as a successor to Cletrac, assumed liability of The Oliver Corporation. White Motors was not a party to the *Lambert* action which involved an allegedly defective tractor crawler manufactured in 1962, one year after White Motors' acquisition of Cletrac's crawler-tractor division. The issue here is whether Amerada-Hess, as successor of Cletrac, could be held liable. Under these circumstances, the application of the doctrine of collateral estoppel is not warranted (*see generally, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71).

We have considered the parties' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach and Smith, JJ.