■ Pamela A. LeCorre, Plaintiff, v Bijesse Belford Dolewski & DeMicco, Defendant and Third-Party Plaintiff-Respondent. Amica Mutual Insurance Company, Third-Party Defendant-Appellant, et al, Third-Party Defendant. [641 NYS2d 360] —In an action to recover damages for fraud and negligent misrepresentation, the second third-party defendant, Amica Mutual Insurance Company, appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 9, 1994, which granted the motion of the second third-party plaintiff to reargue and, upon reargument, denied the motion of Amica Mutual Insurance Company to dismiss the second third-party complaint.

Ordered that the order is affirmed, with costs.

Bijesse Belford Dolewski & DeMicco (hereinafter Bijesse) previously represented the plaintiff Pamela LeCorre in a personal injury action arising from an automobile accident. Amica Mutual Insurance Company (hereinafter Amica) was LeCorre's insurance carrier. After allegedly notifying Amica, Bijesse accepted a settlement offer on behalf of LeCorre. LeCorre then made an underinsured motorist claim under her policy with Amica. Amica denied the claim contending that LeCorre did not comply with the terms of the policy, because she failed to obtain its consent prior to settling her claim against the at-fault driver.

Le Corre retained a new attorney, who filed a petition to arbitrate the terms of the insurance policy. Amica moved to stay the arbitration on the ground that it never agreed nor consented to the settlement. LeCorre conceded that Amica did not consent to the settlement. The Supreme Court granted Amica's motion and permanently stayed arbitration.

Thereafter, LeCorre commenced a legal malpractice action against Bijesse, contending that the firm was negligent in not obtaining the consent of Amica before settling with the at-fault driver. Bijesse then commenced this third-party action against Amica for fraud and negligent misrepresentation. Amica moved to dismiss the complaint. The Supreme Court initially granted Amica's motion. Bijesse moved to reargue and on reargument the court denied Amica's motion. We now affirm.

Amica argues that Bijesse was collaterally estopped, because the issue of whether Amica consented to the settlement was previously determined in the proceeding to stay arbitration and Bijesse was in privity with a party to that proceeding. We disagree. A party is not barred by collateral estoppel if it has not had a fair and full opportunity to litigate an issue (*see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). Bijesse was neither a party to the proceeding to stay arbitration nor in privity with a party to the proceeding, since at that time Bijesse had been discharged as LeCorre's attorney.

Construing the complaint in the light most favorable to Bijesse and assuming that all factual allegations must be accepted as true (*see, Bazak Intl. Corp. v Mast Indus.,* 73 NY2d 113), Bijesse has stated a valid cause of action for fraud (*see, Clearview Concrete Prods. Corp. v Charles Gherardi, Inc.,* 88 AD2d 461) and negligent misrepresentation (*see, White v Guarente,* 43 NY2d 356). Accordingly, Amica's motion to dismiss was properly denied. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.