■ In the Matter of the Estate of HARRY WINSTON, Deceased. RONALD WINSTON, Appellant; BANKERS TRUST COMPANY OF NEW YORK et al., Respondents. [680 NYS2d 569] —In separate proceedings for advice and direction brought pursuant to SCPA 2107, Ronald Winston appeals (1), as limited by his brief, from stated portions of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated November 19, 1997, which, *inter alia*, granted that branch of the application of Bankers Trust Company of New York and Gerald J. Schultz which was for an award of reasonable and necessary expenses incurred in connection with the sale of the assets of a marital trust created under the will of Harry Winston, and (2) from an order of the same court, dated November 20, 1997, which denied his application, *inter alia*, to direct the trustees to accept his bid to purchase the assets of a marital trust created under the will of Harry Winston.

Ordered that the order dated November 19, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 20, 1997, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Ronald Winston's contention that the Surrogate erred in failing to effectuate the intention of the decedent Harry Winston by refusing to order Bankers Trust Company of New York and Gerald J. Schultz, co-trustees with Ronald Winston of the marital trust created under the will of the decedent, to accept his offer to purchase the trust assets is precluded by the doctrine of collateral estoppel. The issues concerning the power of Ronald Winston to override the co-trustees' decision to reject the offer and the testamentary intent of Harry Winston were determined by the Surrogate in a prior proceeding to which Ronald Winston was a party (*see, Matter of Winston,* 167 Misc 2d 295, *affd* 222 AD2d 596). Since Ronald Winston had a full and fair opportunity to litigate those issues, he cannot now demand a second one (*see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65).

With respect to Ronald Winston's remaining contentions, he either lacks standing to raise them or they are without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.