OPINION OF THE COURT
Per Curiam.
Final judgment entered June 12, 1998 and order dated August 11, 1998 affirmed, with $25 costs.
We affirm the trial court’s award of possession to landlord since there is sufficient evidence that appellant Eric Feinberg was a mere licensee and not a tenant of the subject premises. Feinberg originally entered into possession of the apartment in September 1983 as a roommate of two rent-stabilized tenants, whose lease expired October 31, 1983 and was never renewed. Although Feinberg remitted partial payments to the former owner (usually one third the rent) between October 1983 and August 1984, he made no further payments prior to tenants’ 1985/1986 departure nor for the ensuing 11-year period, while sole occupant. The predecessor landlord had earlier refused Feinberg’s December 1984 written request to have his name placed on any renewal lease as a cotenant. Since neither the current landlord, who purchased the building in July 1994, nor the predecessor landlord accepted or recognized Feinberg as a tenant in his own right, he is not entitled to remain in possession.
On the evidentiary issue, the trial court did not err in refusing to admit an unsigned, undated handwritten document purportedly written by the principal of the predecessor landlord acknowledging Feinberg’s tenancy (see, Prince, Richardson on Evidence § 9-101 [Farrell 11th ed]).
Finally, we note that Division of Housing and Community Renewal’s (DHCR) final determination dated August 28, 1998 in landlord’s favor, rendered during the pendency of this appeal, has not been accorded preclusive effect in this proceeding (Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71). DHCR only determined that Feinberg was a licensee who had no standing to file a fair market rent appeal on the rent-stabilized tenants’ behalf. DHCR made no determination concerning Feinberg’s right to continued occupancy of the apartment based upon the nature of his relationship with either the current landlord or the predecessor landlord.