■ ALEXANDER LYONS et al., Respondents, v MEDICAL MALPRACTICE INSURANCE ASSOCIATION et al., Defendants, and LONN BERNEY et al., Appellants. [713 NYS2d 61] —In an action to recover damages for legal malpractice, the defendants Lonn Berney and Ann Chase, individually and as a partnership, appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 5, 1999, which granted the plaintiffs' motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, with costs, and the motion is denied.

In 1980 the plaintiffs commenced an action against Dr. William Saperstein and Huntington Hospital seeking to recover damages for personal injuries sustained as a result of alleged medical malpractice. The defendant attorneys Lonn Berney and Ann Chase, as successors to the firm of Berney & Zweben, represented the plaintiffs in the malpractice action. In March 1987 the plaintiffs settled their claim against Dr. Saperstein. Thereafter, in May 1997, with substituted counsel representing them, the plaintiffs obtained a jury verdict in their favor against Huntington Hospital with liability apportioned 60% against the settling defendant, Dr. Saperstein, and 40% against Huntington Hospital.

In this legal malpractice action, the plaintiffs allege, *inter alia*, that the appellants did not properly represent them in connection with the settlement of their claim against Dr. Saperstein. Relying on the jury verdict against Huntington Hospital in the medical malpractice action, the plaintiffs moved for partial summary judgment, on the ground that the determination of liability at trial is binding on the appellants and therefore the appellants are estopped from contesting their liability in this action. The Supreme Court agreed and granted the motion. We reverse.

Under settled principles of law regarding res judicata and collateral estoppel, the appellants—who were not parties to the medical malpractice action—cannot be bound by the verdict with respect to Dr. Saperstein's negligence. By virtue of their nonparty status, the defendants were not afforded "a full and fair opportunity to contest the [determination] now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71). Accordingly, the Supreme Court improperly granted the plaintiffs' motion for partial summary judgment (*cf., Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.