■ JOSEPH SPORN et al., Respondents, v FOUR PAWS PRODUCTS, LTD., et al., Appellants. [724 NYS2d 309] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 25, 2000, which, upon renewal, adhered to the court's original order holding that defendants were collaterally estopped from denying that their marketing of a competitive product was in violation of the parties' license and marketing agreement, unanimously affirmed, with costs.

The motion court properly held that defendants were collaterally estopped from relitigating in this action the issues previously determined against them in arbitration. Defendants, in the arbitration they demanded, had a full and fair opportunity to litigate the issue of whether they used their best efforts on plaintiffs' behalf in connection with their performance of their obligations under the parties' license and marketing agreement, and are thus collaterally estopped from revisiting the issue in the instant action (*see, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71; *Timberline Dev. v Kronman*, 263 AD2d 175, 177). There is no merit to defendants' contention that the arbitrator's award, as confirmed, left undetermined the issue of whether defendants had breached the agreement by marketing products competitive with those of plaintiffs. The arbitrator expressly concluded that defendants' failure to use their best efforts on plaintiffs' behalf was

established by, *inter alia*, defendants' simultaneous marketing of plaintiffs' products and products in competition therewith, and the judicial confirmation of the arbitrator's award pursuant to CPLR article 75 did not modify the award in any respect. Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.