Plaintiff met its burden of establishing that the damages at issue were the result of an “occurrence” and thus that defendant’s policy provided coverage (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 220 [2002]). Indeed, the record supports plaintiffs contention that, although it was aware of some risk involved in the utilization of asbestos, at all times relevant to this appeal, it believed that its asbestos products could be used safely under the right conditions. Plaintiff also offered, as further proof of any lack of intent, evidence that it published regulatory information in trade periodicals and provided information regarding the dangers of asbestos, as well as guidance concerning its proper usage, to its clients and potential customers (see Santoro ex rel. Santoro v Donnelly, 340 F Supp 2d 464, 486 [SD NY 2004] [New York law presumes that users will heed warnings provided with a product]). In addition, plaintiff presented evidence that, during the relevant time period, the federal government shared plaintiffs *435 belief that asbestos could be used safely and, to that end, promulgated regulations designed to control, monitor and record asbestos usage — but, importantly, did not ban it.
Since plaintiff established coverage, the burden shifted to defendants to show that, pursuant to the policy’s exclusion, plaintiff intended the damages (see Consolidated Edison, 98 NY2d at 220; Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 649 [1993]). Defendants have failed in this regard. Defendants asserted that plaintiff intended the damages because it knew that asbestos would cause injuries and that claims would be filed against it. The record, however, shows that plaintiff was merely aware that asbestos could cause injuries and that claims could be filed. Plaintiff’s “calculated risk” in manufacturing and selling its products despite its awareness of possible injuries and claims does not amount to an expectation of damage (Continental Cas., 80 NY2d at 649).
Defendants’ collateral estoppel argument based on a California jury verdict also fails. The nature of the jury instructions in the California case renders it impossible to discern exactly which facts, or acts of plaintiff, played a part in the jury’s decision, or upon exactly which portion of the jury instruction (i.e., malice, oppression or fraud) the jury based its punitive damages award. As such, defendants cannot show an “an identity of issue which has necessarily been decided in the prior action and is decisive of the present action” (Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71 [1969]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.