■ Kenneth LaRiviere, Appellant, v Anthony Williams et al., Respondents. [51 NYS3d 413]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about April 7, 2016, which, in an action arising out of defendants' refusal to authenticate a certain painting, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

This Court, in considering a similar case, held that "[h]aving the status of the de facto sole arbiter of authenticity of an artist's work is not automatically coupled with a legal obligation to take any particular steps regarding authentication. . . .

[L]egal obligations must be grounded in contractual duties, tort duties or statutory duties" (*Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 110 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]). In his complaint, plaintiff does not allege any legal obligation that defendants had to take any steps to authenticate plaintiff's alleged Jackson Pollock painting. Accordingly, plaintiff failed to state a cause of action upon which relief may be granted (*see* CPLR 3211 [a] [7]).

Furthermore, plaintiff is collaterally estopped from bringing this action (CPLR 3211 [a] [5]). In a prior action, Supreme Court determined that plaintiff's allegations regarding the authenticity of the painting were unsupportable (*Lariviere v Thaw*, 2000 NY Slip Op 50000[U], *7 [Sup Ct, NY County 2000]). In rejecting plaintiff's claims of authenticity of the painting, the court in that action made a final determination, and plaintiff had a full and fair opportunity to contest the decision (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]). Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.