Tower Ins. Co. of N.Y. v Artisan Silkscreen & Embroidery, Inc. (2019 NY Slip Op 01512)





Tower Ins. Co. of N.Y. v Artisan Silkscreen & Embroidery, Inc.


2019 NY Slip Op 01512


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


157754/15 8566 8565

[*1]Tower Insurance Company of New York, Plaintiff-Respondent,
v
Artisan Silkscreen and Embroidery, Inc., Defendant-Appellant, Castro Realty Corporation, et al., Defendants.


Feder Kaszovitz LLP, New York (David Sack of counsel), for appellant.
Kennedys CMK Law LLP, New York (Max W. Gershweir of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered August 16, 2017, which granted plaintiff's motion for summary judgment declaring that it has no duty to defend or indemnify defendant Artisan Silkscreen and Embroidery, Inc. (Artisan) in an underlying personal injury action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 23, 2018, which denied Artisan's motion to resettle the court's order dated November 29, 2017, denying Artisan's motion to reargue, unanimously dismissed, without costs.
Artisan is barred from relitigating the issues of the employee exclusion in this proceeding, as this issue, in addition to the "leased contract" exception to the exclusion, was fully litigated in the related third-party action (Schwartz v Public Administrator , 24 NY2d 65 [1969]).
"No appeal lies from an order denying resettlement of the substantive portions of a judgment or order" (Matter of Antonsen v Ward , 190 AD2d 606 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK