Linda MILKS, Plaintiff,

v.

ELI LILLY & CO., et al., Defendants.

No. 79 Civ. 3681 (WK).

United States District Court,
S. D. New York.

July 7, 1982.

Segan, Culhane, Nemerov & Green, P. C. by Jeffrey Singer, Leon Segan, New York City, for plaintiff.

Dewey, Ballantine, Bushby, Palmer & Wood by Blair Fensterstock, Helen Hoens, New York City, for defendants.

MEMORANDUM & ORDER, ORDER OF REFERENCE TO MAGISTRATE, AND CERTIFICATION FOR INTERLOCUTORY APPEAL

WHITMAN KNAPP, District Judge.

In this action Linda Milks has sued Eli Lilly & Co. and several other drug companies to recover for personal injuries which she alleges to have sustained as a consequence of her mother's ingestion of the drug known as DES. Counsel for plaintiff has expressed his intention to invoke—in a motion for partial summary judgment against Eli Lilly—the collateral estoppel effect of the verdict in *Bichler v. Eli Lilly & Co.*, Index No. 15600/74, which was tried in the Supreme Court of the State of New York, County of the Bronx, Justice Arnold G. Fraiman presiding. [The verdict has been recently affirmed by the New York Court of Appeals. *See Bichler v. Eli Lilly & Co.*, 79 App.Div.2d 317, 436 N.Y.S.2d 625 (1981), *aff'd*, 55 N.Y.2d 571, 450 N.Y.S.2d 776, 436 N.E.2d 182 (1982).] The case is before us on defendant Eli Lilly's motion for an order allowing it to communicate with and to obtain depositions from the jurors in the *Bichler* case. Defendant Lilly argues that, there having already been indications that the *Bichler* verdict was the result of an impermissible compromise, such discovery is necessary to oppose plaintiff's proposed motion for partial summary judgment.

For reasons essentially similar to the ones expressed by Judge Neaher in his persuasive opinion in *Katz v. Eli Lilly & Co.*, 84 F.R.D. 378 (E.D.N.Y.1979), the motion is granted but only on the limited terms described below.

We wish, however, to emphasize the following. In a diversity case, such as this one, federal courts sit as state courts. It is in the latter capacity that we authorize this limited inquiry, as we feel bound by the decision of the New York Court of Appeals in *Schwartz v. Public Administrator of the County of Bronx, et al.*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). The very language in *Schwartz* compels us to permit such limited discovery as would al-

low defendant—for the purpose of opposing the offensive use of collateral estoppel—to ferret out "indications of a compromise verdict", one of the factors which the *Schwartz* Court explicitly held "should enter into a determination whether a party has had his day in court..." *Id.* 298 N.Y.S.2d at 961, 246 N.E.2d 725. *See also Katz, supra,* 84 F.R.D. at 381. Plaintiff was unable—in oral argument—to suggest a feasible alternative method of discovery to determine whether the *Bichler* verdict had been reached by compromise. The evidence that may be generated by the discovery which we to-day allow may not, of course, be used for the purpose of challenging—in any way—the verdict in the *Bichler* case itself. *See also Katz, supra,* 84 F.R.D. at 380.

Sensitive as we are to the concerns expressed by Justice Fraiman—with which concerns we are in full accord—we will carefully circumscribe defendant's contact with the proposed witnesses. Consequently, IT IS ORDERED that:

1. The Honorable Naomi Buchwald, United States Magistrate, is designated to supervise all discovery with respect to these witnesses.

2. No lawyer is to have any contact—written or oral—with the proposed witnesses · except with Magistrate Buchwald's express consent.

3. The witnesses will be examined only in Magistrate Buchwald's presence.

4. The examination will be strictly confined to the narrow issue of whether or not the *Bichler* verdict was achieved by compromise.

Plaintiff has asked us to certify the matter to the Court of Appeals pursuant to 28 U.S.C. § 1292(b). There can be no doubt that "there is substantial ground for difference of opinion" as to the controlling question of law covered by our order. As to that, we need say no more than that Justice Fraiman has expressed a different view. It is not so apparent that an immediate appeal would "materially advance the ultimate termination of the litigation." However,

plaintiff has persuaded us—with arguments that were fully explored on oral argument on the record—that the appeal could well have such an effect. In view of the clear desirability of appellate review, we therefore grant the § 1292(b) certification.

Let the order referring the matter to Magistrate Buchwald be stayed pending the Court of Appeals' decision whether or not to accept the interlocutory appeal or, in the event of such acceptance, its disposition on the merits.

SO ORDERED.