**Linda MILKS, Plaintiff,**

**v.**

**ELI LILLY & CO., et al., Defendant.**

**No. 79 Civ. 3681 (WK).**

United States District Court,
S.D. New York.

March 14, 1983.

Report and Recommendation
Feb. 22, 1983.

See also, D.C., 94 F.R.D. 674.

Leon Segan, Segan, Culhane, Nemerov & Green, P.C., New York City, for plaintiff.

Russell H. Beatie, Jr., Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Eli Lilly & Co.

### MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

In a Memorandum and Order of July 7, 1982 [published at 94 F.R.D. 674 (S.D.N.Y.

1982)], we granted defendant Eli Lilly's application to examine the jurors who had rendered a verdict in *Bichler v. Eli Lilly & Co.,* Index No. 15600/74 [a case tried in the Supreme Court of New York State, Bronx County], and directed that such examination be conducted before the Honorable Naomi Buchwald, United States Magistrate, under terms and conditions to be determined by her. However, we stayed the reference to the Magistrate pending review by our Court of Appeals of the July 7 Memorandum and Order by way of a 28 U.S.C. § 1292(b) certification for interlocutory appeal or a writ of mandamus which we expected would be brought on by plaintiff.

Subsequently the Court of Appeals declined to entertain the appeal pursuant to § 1292(b) and dismissed the plaintiff's writ of mandamus. Thereafter, various other motions in connection with this matter were brought on by plaintiff and defendant. These motions were referred to Magistrate Buchwald for a report and recommendation.

On February 22, 1983 Magistrate Buchwald made her Report and Recommendation with respect to all matters before her.

Having considered the objections to such report [*see* letters of March 4 and March 8, 1983 separately made part of the record], it is hereby approved and its Recommendations are made the ORDER of this Court. Accordingly, defendant Eli Lilly's motion for an order to enjoin the state court's injunction against deposing the *Bichler* jurors is DENIED. Plaintiff's cross-motion for reargument of our decision granting Eli Lilly & Co. the right to depose the *Bichler* jurors will be held in abeyance.

The Magistrate is directed to consider any further application the parties may make in connection with this matter. Defendant Eli Lilly & Co. is directed to keep the Magistrate and the Court appraised of such developments in the *Kaufman* appeal as may affect the progress of this litigation.

SO ORDERED.

## REPORT AND RECOMMENDATION

## TO THE HONORABLE WHITMAN KNAPP:

Your Order, dated July 7, 1982, referred this matter to me to supervise the depositions of jurors who served during the trial of *Bichler v. Eli Lilly and Company,* Index No. 15600/74, tried before Justice Arnold G. Fraiman in the Supreme Court of the State of New York, Bronx County. The depositions were sought as part of defendant Eli Lilly and Company's ("Eli Lilly") effort to defeat the anticipated assertion of offensive collateral estoppel against it based upon the *Bichler* decision, which, like the instant case, is a products liability action involving the drug known as DES. Eli Lilly seeks to show, through the depositions of the *Bichler* jurors that the *Bichler* verdict was the result of compromise and therefore not entitled to collateral estoppel effect in this action. *See Schwartz v. Public Administrator of the County of the Bronx, et al.,* 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969).

Since the date of your original order, Justice Fraiman has issued two rulings in another DES case, *Kaufman v. Eli Lilly & Co., et al.,* Index No. 21234/76, which, in our view, should be considered in connection with the issue of the depositions of the *Bichler* jurors. First, on October 20, 1982, Justice Fraiman issued an order denying defendant's counsel the right to depose the *Bichler* jurors and refused to lift an injunction preventing defendants' counsel from communicating with the *Bichler* jurors. Second, on October 25, 1982, Justice Fraiman granted the plaintiff in the *Kaufman* case partial summary judgment against Eli Lilly and Company on the ground that Eli Lilly was collaterally estopped from relitigating issues resolved against it in *Bichler.* In holding that collateral estoppel applied, Justice Fraiman found that Eli Lilly had had a "full and fair opportunity to contest the *Bichler* case" and rejected Eli Lilly's argument that the *Bichler* verdict was the result of compromise. *See Kaufman v. Eli Lilly, et al.,* Index No. 21234/76, slip op. at 7 (Sup.Ct. Bronx County, October 25, 1982).

Eli Lilly has appealed both of those decisions to the Appellate Division.

In addition to taking direct appeals from Justice Fraiman's decisions, Eli Lilly has moved, by Notice of Motion, dated December 22, 1982, pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2283 and Fed.R.Civ.P. 65(d) for an order enjoining the enforcement of Justice Fraiman's injunction against them. The plaintiff, by Notice of Cross-Motion, dated, January 12, 1983, has cross-moved for reargument of the original decision granting Eli Lilly the right to depose the *Bichler* jurors. Your Order, dated December 29, 1982, referred these motions to me for report and recommendation. Having reviewed the submissions of the parties and having received an *amicus curiae* brief from counsel for Bichler and Kaufman and having heard oral argument on January 27, 1983, we respectfully submit that defendants' motion be denied and your decision on plaintiff's cross-motion await the decision of the Appellate Division.

The starting point for our analysis must be that where, as here, the jurisdiction of this federal court is based solely on diversity, we are bound, as defendant's counsel agrees, by New York's law of collateral estoppel. As defendant's counsel concedes, the underlying issue of state law, i.e., whether a showing of compromise verdict through juror testimony may defeat the offensive use of collateral estoppel, will be decided by the Appellate Division of the New York Supreme Court and probably by the New York Court of Appeals in the context of the *Kaufman* case. *See* Transcript of oral argument ("Tr."), at 19. Moreover, the *Kaufman* appeal will also resolve the ultimate question of whether the *Bichler* verdict may be used for offensive collateral estoppel purposes. Thus, regardless of the outcome of the *Kaufman* appeals, the New York courts will resolve these currently undecided and important issues of state law about which reasonable minds may and have differed. At that time, we will know whether the defendant has more than a theoretical legal basis to pursue these depositions.

Defendant's motion to enjoin the enforcement of Justice Fraiman's injunction thus comes down to a plea to perpetuate the testimony of these jurors so that it is not lost during the pendency of the *Kaufman* appeal. *See* Tr. 18. Eli Lilly contends that the state appellate process may take up to three years. At oral argument, Eli Lilly's counsel stated:

> as a consequence of the delay, the risk of loss of the evidence is with us at all times. Neither of the two jurors we wish to depose are young. When the case was tried they were in their middle to late 50s [sic]. One of them had a potentially life-threatening health condition which resulted in a severe illness and disablement during the course of the trial.

Tr. at 10. Plaintiff's counsel disputes the severity of the juror's illness, pointing out that the juror was not hospitalized and did continue with the deliberations following a weekend recess. Tr. at 28–29. Apparently, she suffers from high blood pressure. *See* Affidavit of John Patrick Deveney, sworn to July 28, 1982, at ¶ 9 (attached to defendant's Notice of Motion as Exhibit A).

We find that the defendant has not adequately demonstrated a danger that the testimony of these jurors will be lost between now and the time the *Kaufman* appeal is resolved. Eli Lilly has simply failed to show that these jurors are so aged or infirm that there exists a real danger of losing their testimony.

In analogous areas where parties seek to perpetuate testimony, for instance, pending an appeal, courts have required a greater showing than Eli Lilly has made here. In *Ash v. Cort,* 512 F.2d 909, 912–13 (3d Cir. 1975), the court held that a party's conclusory statement that it "is probable that the officers and directors having first hand knowledge are over fifty years of age" was insufficient to justify subjecting them to depositions to perpetuate their testimony under Fed.R.Civ.P. 27(b). *See also In re Boland,* 79 F.R.D. 665, 667 (D.D.C.1978) (Fed.R.Civ.P. 27(a) petition to perpetuate testimony denied where petitioner made no showing that the potential deponents were

"aged, gravely ill, or preparing to leave the country for an indefinite or lengthy period of time.") *Cf. Texaco, Inc. v. Borda,* 383 F.2d 607 (3d Cir.1967) (where court permitted Fed.R.Civ.P. 27(a) deposition of seventy one year old witness in private anti-trust suit which was stayed pending parallel criminal proceedings). *De Wagenknecht v. Stinnes,* 250 F.2d 414 (D.C.Cir.1957) (Deposition of seventy four year old man permitted). *Mosseller v. United States,* 158 F.2d 380 (2d Cir.1946) (deposition of critically injured seaman permitted). Arguably, the defendant should be required to make an even stronger showing here, as the relief sought, deposing jurors about internal deliberations, is so extraordinary and unprecedented. Fed.R.Evid. 606(b).

Furthermore, we note that procedures are available to the defendant to expedite the *Kaufman* appeal. *See* N.Y.Civ.Prac. Rule 5521 (McKinney 1978) (which provides for seeking a discretionary preference in the hearing of an appeal). Since both parties concede that this court will be bound by the *Kaufman* decision, the wisest course seems to be to await that decision.

For the foregoing reasons, we respectfully recommend that defendants' motion be denied and decision on plaintiff's cross-motion be reserved pending the outcome of the *Kaufman* appeal.

Copies of this Report and Recommendation have been mailed on this date to all counsel, who are hereby instructed that any objections to the Report and Recommendation must be filed with Your Honor with 10 days from this date, unless an extension of time is granted by you. The parties are further directed to comply with Rule 7 of the Rules For Proceedings Before Magistrates of this Court.

Respectfully submitted,

DATED:    New York, New York
          February 22, 1983

          /s/ Naomi Reice Buchwald
          NAOMI REICE BUCHWALD
          UNITED STATES MAGISTRATE