**In the Matter of the Application of
The AMERICAN TOBACCO
COMPANY, et al.**

**MOUNT SINAI SCHOOL OF MEDICINE and American Cancer
Society, Appellants,**

v.

**The AMERICAN TOBACCO COMPANY,
Philip Morris, Inc., and R.J. Reynolds
Tobacco Company, Appellees.**

**No. 669, Docket 88–7879.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 22, 1988.

Decided Jan. 23, 1989.

Michael A. Cardozo, New York City (Charles S. Sims, Proskauer Rose Goetz & Mendelsohn, New York City, on the brief), for appellants.

Donald I. Strauber, New York City (Thomas E. Riley, Garyowen P. Morrisroe, Chadbourne & Parke, New York City, on the brief for appellee The American Tobacco Co.; Howard G. Kristol, Bruce H. Lederman, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, on the brief for appellee R.J. Reynolds Tobacco Co.; David R. Davies, Hunton & Williams, New York City, on the brief for appellee Philip Morris, Inc.), for appellees.

Before NEWMAN and ALTIMARI, Circuit Judges, and GRIESA, District Judge.*

* The Honorable Thomas P. Griesa of the United States District Court for the Southern District of New York, sitting by designation.

**JON O. NEWMAN, Circuit Judge:**

This appeal presents the issue of whether an order directing a witness to produce evidence sought for use in a civil trial is appealable in advance of an adjudication of contempt where the order seeks only documents and the order has been issued by a court other than the court in which the underlying action is pending. The issue arises on an appeal by Mount Sinai School of Medicine and the American Cancer Society from two orders of the District Court for the Southern District of New York (Kevin T. Duffy, Judge) enforcing third-party subpoenas against the appellants and denying their motion for a protective order. The subpoenas were issued at the request of appellees American Tobacco Co., R.J. Reynolds Tobacco Co., and Philip Morris, Inc. Because we conclude that the orders are not appealable, we dismiss the appeal.

### Facts

The three tobacco companies, appellees in this proceeding, are among twenty-six defendants in one or both of two diversity suits pending in federal courts in Louisiana and Pennsylvania. *Lejeune v. Armstrong World Industries, Inc.*, No. 86-0421 (W.D. La.); *Shires v. Celotex Corp.*, No. 85-7141 (E.D.Pa.). Plaintiffs in these cases allege that their decedents died of lung cancer resulting from a synergistic interaction between cigarette smoking and exposure to asbestos. In connection with the defense of these and other suits in which similar claims have been made, the tobacco companies sought the issuance of subpoenas directing Mount Sinai School of Medicine and the American Cancer Society (collectively "the witnesses") to produce computer tapes containing data collected by Dr. Irving Selikoff and other medical researchers at Mount Sinai (collectively "Dr. Selikoff"). The data concern epidemiological studies conducted by Dr. Selikoff among more than 17,000 asbestos workers. The studies began in 1961 and are still in progress. In 1979 and 1980, Dr. Selikoff published articles concerning the results of his research, articles that the witnesses characterize as

"interim reports." Brief for Appellants at 7. The articles concluded that a combination of cigarette smoking and exposure to asbestos significantly increases the likelihood of lung cancer.

The tobacco companies obtained subpoenas requiring production of the computer tapes from the clerk of the District Court for the Southern District of New York. *See* Fed.R.Civ.P. 45(d). The subpoenas were issued in connection with the *Lejeune* litigation in Louisiana. It is the contention of the tobacco companies that they need the data underlying Dr. Selikoff's published conclusions to rebut expert witnesses who may rely upon his conclusions. Dr. Selikoff is not an expert witness in any pending litigation.

The witnesses moved to quash the *Lejeune* subpoenas on various grounds including absolute privilege, qualified privilege, and preclusion arising from an order of the New York Supreme Court quashing similar subpoenas seeking the computer tapes for use in litigation pending in California. *See In re R.J. Reynolds Tobacco Co.*, 136 Misc.2d 282, 518 N.Y.S.2d 729 (Sup.Ct.1987). On February 29, 1988, Judge Duffy denied the motion to quash and ordered the tapes produced. He suggested that the witnesses appeal, prior to his consideration of a protective order, with the understanding that the protective order would be considered in the event of affirmance. After filing a notice of appeal, the witnesses moved in this Court for a remand to the District Court so that the protective order would clarify the precise extent and terms of the required production. We granted that motion "without prejudice to [appellants'] right to renew the present appeal, if necessary."

Thereafter, Judge Duffy issued a protective order granting the witnesses permission to redact the names, street addresses, social security numbers, and union registration numbers of the workers in the study, but denied the witnesses' request to

redact other potentially identifying data, such as dates of birth and death. The witnesses sought and were denied a stay of the enforcement of the subpoenas.

This Court then stayed the District Court's orders and expedited the appeal. The panel also denied the motion of the tobacco companies to dismiss the appeal, without prejudice to renewal before the panel considering the merits.

### Discussion

The law concerning appealability of orders requiring production of evidence from non-party witnesses has evolved somewhat fitfully, but the general principles are now reasonably clear. The basic rule, often attributed to the Supreme Court's decision in *Alexander v. United States,* 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), is that an order compelling the witness to produce evidence in a civil or criminal proceeding is interlocutory and may be challenged by the witness only upon appeal from an adjudication of contempt. *See National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174 (2d Cir.1979); *Kaufman v. Edelstein,* 539 F.2d 811 (2d Cir. 1976); 9 *Moore's Federal Practice* ¶ 110.13[2] (2d ed. 1988). The rule ostensibly serves to minimize delay in the conduct of the primary proceedings in which the evidence is sought and spares appellate courts additional appeals in those instances where the contempt requirement is too burdensome to be pursued by the party seeking the evidence or too effective for the witness resisting disclosure. Judge Friendly has noted the virtue of the contempt requirement in affording both sides to the discovery dispute the "benefit from having a second look," *National Super Spuds, Inc. v. New York Mercantile Exchange, supra,* 591 F.2d at 180, before determining whether the evidence ought to be pursued and, if pursued, whether its disclosure ought to be resisted. *See In re Grand Jury Subpoena Dated January 30, 1986,* 784 F.2d 116, 118 (2d Cir.1986) (per curiam).

Recognizing that a witness may not normally challenge a production order prior to a contempt adjudication, the witnesses in this case advance several reasons why the rule should not apply to them. First, they contend that the rule is usually invoked against witnesses who decline to furnish testimony, whereas they have been ordered to produce documentary evidence. In the latter context, they contend, a contempt adjudication is not needed to provide certainty as to the scope of the demand for production; with a testimonial demand, however, a contempt adjudication provides an appellate court with a record of the precise questions the witness has been asked and has refused to answer. *See Kaufman v. Edelstein, supra,* 539 F.2d at 814 n. 3. This distinction answers one reason for requiring a contempt adjudication, but it provides no basis for ignoring the concerns about interrupting the underlying litigation, burdening appellate courts, and providing the contestants an opportunity for a useful "second look." Indeed, in the most well-known case in which documentary evidence in the form of tapes was considered, the Supreme Court acknowledged that the usual rule against appealability in advance of contempt would have applied but for a special exception accorded to the President of the United States. *See United States v. Nixon,* 418 U.S. 683, 690–92, 94 S.Ct. 3090, 3098–3100, 41 L.Ed.2d 1039 (1974).

Next, the witnesses point out that the subpoenas they seek to challenge have been issued in a district other than the districts where the underlying lawsuits are pending. It is true that orders compelling testimony or production of evidence in what may properly be regarded as independent proceedings are appealable without the requirement of a contempt adjudication. This rule is regularly applied in proceedings where evidence is sought by administrative agencies. *E.g., Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed. 2d 459 (1964) (Internal Revenue Service); *Ellis v. ICC,* 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036 (1915) (Interstate Commerce Commission); *Wilmot v. Doyle,* 403 F.2d 811 (9th Cir.1968) (National Labor Rela-

tions Board); *see* 9 *Moore's Federal Practice* ¶ 110.13[2](2) (2d ed. 1988). The Third Circuit has suggested that proceedings under Fed.R.Civ.P. 45 to compel evidence in a distant district "might well" be deemed to be governed by the rule applicable in agency proceedings to enforce information demands, *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 102 (3d Cir.1982), though the Court placed its decision in favor of appealability on other grounds. In a similar vein, we have allowed appeals from orders under Fed.R. Civ.P. 27 authorizing proceedings to perpetuate testimony in advance of filing an action. *Mosseller v. United States*, 158 F.2d 380 (2d Cir.1946). But the Supreme Court has drawn a distinction between independent proceedings to obtain evidence, like the agency cases, and proceedings that are ancillary to pending judicial proceedings, denying appealability in the latter situation in the absence of contempt. *See Cobbledick v. United States*, 309 U.S. 323, 329–30, 60 S.Ct. 540, 543, 84 L.Ed. 783 (1940). Indeed, the seminal case of *Alexander v. United States, supra*, was a situation where evidence was sought in one district for use in proceedings in another district, and appeal of the production order was rejected in the absence of contempt.

The witnesses further contend that this Circuit has specifically allowed an appeal of a production order in *Dixon v. 80 Pine Street Corp.*, 516 F.2d 1278 (2d Cir.1975). *Dixon* entertained an appeal from an order requiring the Department of Buildings of the City of New York to produce documents it had assembled in connection with its investigation of an explosion. The party that obtained the subpoena sought to have the City held in contempt for non-compliance, but the motion was denied. Prior to the merits appeal, a motions panel had denied a motion to dismiss without opinion, *see id.* at 1280. The merits panel noted that ruling and added, without elaboration, that since the City was not a party to the underlying action, "as to it the discovery order may be deemed final." *Id.* The only authority cited was a *"cf."* reference to *United States v. Nixon, supra*. Though the citation to *Nixon* suggests that the

merits panel may have thought that the need for a contempt adjudication was as inappropriate for the City as the Supreme Court thought it was for the President, our Court has subsequently viewed *Dixon* as something of an aberration from the usual rule against appealability. Commenting on *Dixon*, Judge Friendly noted that the issue of appealability had not been briefed to the merits panel and that the unpublished ruling of the motions panel was not entitled to precedential effect under our Local Rule § 0.23. *See National Super Spuds, Inc. v. New York Mercantile Exchange, supra*, 591 F.2d at 176 n. 4. Whether *Dixon* is to be diminished as resting on a non-precedential order or distinguished because it involved a city and contempt had been sought without success, it does not commit this Circuit to abandonment of the *Alexander* rule, which we have repeatedly acknowledged. *See Kaufman v. Edelstein, supra; Baker v. F & F Investment*, 470 F.2d 778, 780 n. 3 (2d Cir.1972), *cert. denied*, 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed. 2d 686 (1973); *Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551, 554 (2d Cir. 1967).

Next, the witnesses suggest that appealability has already been conclusively determined in this litigation. However, the first panel to consider this case simply granted a motion to remand without prejudice to renewal of the appeal, and the next panel denied a motion to dismiss expressly without prejudice to renewal of the motion before this panel. No law of the case concerning appealability was established by these prior rulings.

Finally, the witnesses contend that whatever the virtues of the "second look" in ordinary cases seeking evidence from third-parties, the determination of the tobacco companies to press for Dr. Selikoff's data and the determination of Mount Sinai to resist these demands is so clear on the present record that the requirement of a contempt adjudication is a needless and time-wasting ritual. We do not doubt the witnesses' assessment of the strength of determination by both sides in this controversy. Nevertheless, we do not believe

that appealability of production orders directed to third-party witnesses should turn on an appellate court's assessment of the vigor with which the evidence is either sought or resisted. That approach would invite premature appeals routinely in the hope of persuading the appellate court that contempt is unnecessary.

At oral argument, some consideration was given to the possibility that appeal at this stage might be warranted under the line of cases illustrated by *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), in which a person whose rights are alleged to be violated by a production order may intervene and appeal the production order where the order is directed to another person who holds the documents and who would not likely risk contempt to test the validity of the claimant's objection. *See United States v. Nixon, supra,* 418 U.S. at 691, 94 S.Ct. at 3099 (explaining *Perlman* on this basis); *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971) (same). *Perlman* might well be applicable here if Dr. Selikoff or any of the workers involved in his study intervened to assert claims of their own. But they have not, and there is every reason to believe that Dr. Selikoff and at least the union to which the workers belong are aware of the subpoenas. In any event, *Perlman* may not be extended to permit the party in possession of the subpoenaed documents to appeal prior to contempt simply because other persons might have been able to do so.

We conclude that the orders requiring production and denying a further protective order are not final in the absence of a contempt adjudication. The appeal is therefore dismissed.