**UPJOHN COMPANY, Plaintiff–Appellee,**

v.

**Anthony IMBRIOLO, Defendant–Appellant,**

**MEDTRON LABORATORIES, INC. and Dominick J. Carlisi, M.D., Defendants.**

**Docket No. 03–7888.**

United States Court of Appeals, Second Circuit.

Jan. 27, 2004.

Richard B. Friedman, Michael B. Roth, Marc H. Simon (Dreier LLP), New York, NY, for Plaintiff–Appellee.

Frank A. Aloi, Rochester, NY, for Defendant–Appellant.

PRESENT: CALABRESI, B.D.
PARKER and RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Anthony Imbriolo, a judgment debtor, appeals an Order of the United States District Court for the Southern District of New York (Shirley W. Kram, *J.*) in favor of Appellee Upjohn Company, the judgment creditor, compelling him to answer questions and to produce documents relating to his assets (the "Order") notwithstanding his contention that to do so would subject him to self-incrimination in violation of the Fifth Amendment. Familiarity with the basis of the underlying action, the procedural posture of the appeal, and the parties' arguments on appeal is presumed. Because we believe that the Order is neither subject to appellate review as a final order nor as a collateral order, we dismiss the appeal.

Discovery orders are not final orders but "are interlocutory orders that must await final judgment" to be appealed.

*N.Y. State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1350 (2d Cir.1989). An exception exists when a witness is cited for contempt for failure to comply with a discovery order. *See Mount Sinai Sch. of Med. v. Am. Tobacco Co.,* 866 F.2d 552, 554 (2d Cir.1989). While non-party witnesses are permitted to appeal both civil and criminal contempt citations, party witnesses such as Imbriolo must incur a citation for criminal contempt to appeal before final judgment.[1] *CFTC v. Armstrong,* 269 F.3d 109, 112–13 (2d Cir.2001); *see Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.,* 591 F.2d 174, 180 (2d Cir.1979) ("[T]he requirement of submission to contempt ... serves a useful purpose in curtailing appeals...."). The contempt requirement has its roots in the idea that the witness might ultimately decide "that the importance of the issue and the risk of adverse appellate determination do not warrant being branded as a contemnor," or "the person seeking the information ... [might] decide that the quest is not important enough to seek a contempt citation," *id.,* or, as may in fact be the case here, the person seeking the information might re-

consider the scope of the information requested of the witness.[2] Accordingly, we conclude that since Imbriolo has not been cited for criminal contempt, the Order is not appealable as a final order.

Further, the "collateral order doctrine" does not permit appellate review of the Order. This doctrine permits appellate review of an interlocutory order that "[i] conclusively determine[s] the disputed question, [ii] resolve[s] an important issue completely separate from the merits of the action, and [iii][is] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Appellant urges that there can be no appeal in this case from a "final judgment" because "this proceeding is discrete and culminates in process from the Sheriff to seize and apply assets and income to satisfy a judgment." Appellant Br. at 43. But we have never held that the collateral order doctrine carves out an exception to the contempt requirement for a witness who would otherwise be in position to defy the trial court's order.[3] We are not inclined to

---

1. A citation for criminal contempt is a "separate proceeding," and therefore immediately appealable under 28 U.S.C. § 1291 even by a party to the underlying litigation. *See* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2006, at 88 (2d ed.1994). For this reason, a discovery order that arises out of an agency subpoena pursuant to an administrative proceeding is immediately appealable, because the court's enforcement of the subpoena "may be deemed self-contained, so far as the judiciary is concerned." *United States v. Constr. Prods. Research,* 73 F.3d 464, 469 (2d Cir. 1996) (quoting *Cobbledick v. United States,* 309 U.S. 323, 330, 60 S.Ct. 540, 84 L.Ed. 783 (1940)).

2. At oral argument, Appellee agreed to reconsider the scope of some of the questions posed to Imbriolo. Thus, the extent to which Appellee is able to satisfy its discovery needs via requests considered by Imbriolo to be unob-

jectionable is unclear, and may obviate the need for a contempt citation at all.

3. Immediate appeals of discovery orders have been permitted under the collateral order doctrine where the right implicated provided a "shield from litigation in the first instance," *e.g., Merritt v. Shuttle, Inc.,* 187 F.3d 263, 267 (2d Cir.1999) (qualified immunity); *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir.1999) (denial of counsel's motion to withdraw); or where the order had an "immediate and irreparable" effect, *e.g., SEC v. TheStreet.com,* 273 F.3d 222 (2d Cir.2001) (order to unseal confidential testimony); *see also In re Katz,* 623 F.2d 122, 124 (2d Cir.1980) (finding an exception to the contempt requirement for appeals of discovery orders where the order "is directed against a third party" who might "not be expected to risk a contempt citation"). None of these situations is implicated in the instant matter.

do so here because such an exception would consume the rule. When and if Imbriolo incurs a citation for civil contempt,[4] we will have occasion to determine whether the collateral order doctrine should apply in the circumstances presented by this appeal.

We have considered all of Appellant's remaining arguments and find them to be without merit. The appeal is **DISMISSED** and the case is remanded to the district court for proceedings not inconsistent with this disposition.

---

4. As previously noted, should Imbriolo be cited for criminal contempt, the citation and the underlying order would be appealable as a final judgment under 28 U.S.C. § 1291.