**Ksenia BENJAMINOV and Zohar Benjaminov, Plaintiffs–Appellants,**

v.

**REPUBLIC INSURANCE COMPANY, Donald J. Feldman, Feldman & Rudy, P.C., City of New York, Robert Rostowski, Robert Bernard, Richard S. Wolfson and Peter Vallas Associates, Defendants–Appellees.**

Docket No. 01–7267.

United States Court of Appeals, Second Circuit.

March 13, 2002.

Leslie Trager, Morley & Trager, N.Y., N.Y., for Appellants.

Andrew A. Arcuri, Kelly, Luglio & Arcuri, Deer Park, N.Y., for Appellee Republic Ins. Co.

Wendy B. Shepps, Wilson, Elser, Moskowitz, Edelman & Dicker, N.Y., N.Y., for the Feldman Appellees.

George Gutwirth, Ass't Corp. Counsel, N.Y., N.Y., for the City Appellees.

Present KEARSE, JACOBS, Circuit Judges, and JONES, District Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiffs Ksenia Benjaminov ("Mrs. Benjaminov") and her husband Zohar Benjaminov appeal from a judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge*, dismissing for lack of subject matter jurisdiction their complaint, brought under 42 U.S.C. § 1983, alleging that they were deprived of property because, in a New York state-court trial of an action brought by Mrs. Benjaminov to recover insurance for fire damage to her property, defendants defeated her claim by fabricating evidence to show that the fire had been set by or at the behest of Mrs. Benjaminov or her husband. The district court dismissed the complaint on the ground that judgment had been entered against Mrs. Benjaminov in the state-court action and that the federal court thus lacked subject matter jurisdiction in light of the *Rooker–Feldman* doctrine. For the reasons that follow, we affirm.

The *Rooker–Feldman* doctrine recognizes that a federal district court lacks the "authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ("*Feldman*"); see *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under this doctrine, "a federal court lacks jurisdiction over any claims that are 'inextricably intertwined' with a state court's determinations in a judicial proceeding." *Hachamovitch v. DeBuono*, 159 F.3d 687, 694 (2d Cir.1998) (quoting *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303). "[A]t a minimum, ... where a federal plaintiff had an opportunity to litigate a claim in a state proceeding ..., subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion." *Moccio v. New York State Office of Court Administration*, 95 F.3d 195, 199–200 (2d Cir.1996).

---

* Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

■ In determining whether a judgment has preclusive effect, we look to the law of the state in which the judgment was entered. *See, e.g., Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Under New York law, issue preclusion applies when the issue is identical to one "which has necessarily been decided in the prior action and is decisive of the present action," and the party to be estopped had a "full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969).

■ In the present case, plaintiffs seek damages from defendants for allegedly conspiring to obtain the state-court judgment against Mrs. Benjaminov by presenting fabricated evidence suggesting that she or her husband had committed arson. Mrs. Benjaminov, however, had ample opportunity to, and did, litigate the question of fabricated evidence in the state-court action. For example, she moved to dismiss the arson defense on the basis that the photographs were fabricated; she argued to the jury in summation that the photographs were fabricated; she moved for a directed verdict on that basis; and she moved to set aside the verdict after it was returned, also making that argument.

The issue of fabrication was plainly decided against Mrs. Benjaminov in the state-court action. The jury returned a special verdict finding, *inter alia*, that the fire that destroyed her building had been set intentionally, and that "the plaintiff, Mrs. Benjaminov or her husband or someone acting with his or her consent and on his or her behalf set, cause[d] or procure[d] the fire at plaintiff's building." The trial judge, in rejecting Mrs. Benjaminov's contention that she was entitled to judgment notwithstanding the jury's verdict or to a new trial, found an "absence of

indication that substantial justice has not been done." *Benjaminov v. Republic Insurance Group*, Index No. 19513/95, at 4 (N.Y. Sup.Ct. Queens Co. Nov. 15, 1999). We thus think it clear that the judge implicitly ruled that the jury's verdict was not based on evidence fabricated by the defendants.

In sum, we conclude that the issue that plaintiffs now seek to litigate was fully litigated in the state-court action and was necessarily decided adversely to them. Thus, the district court lacked subject matter jurisdiction over plaintiffs' § 1983 claim.

We have considered all of plaintiffs' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.