■ DECANA, INC., et al., Respondents, v SPYRO C. CONTOGOURIS et al., Defendants. EASTSIDE HOLDINGS LLC, Nonparty Appellant. [808 NYS2d 617]—

Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered on or about April 28, 2005, which, in an action involving the validity of a mortgage entered into by plaintiff mortgagor and defendant mortgagee and assigned by the latter to nonparty appellant, denied appellant's motion to intervene, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

Plaintiff alleges that appellant's mortgage was the product of dishonest dealings between defendant and plaintiff's former employee, also a named defendant, who mortgaged the property a second time to a company controlled by himself, the validity of which second mortgage is also a subject of the action. Although plaintiff instituted the instant action not long after its mortgage with defendant was executed, it continued to pay the loan installments under protest. However, plaintiff moved for a preliminary injunction after it refused to make the balloon payment and defendant threatened foreclosure. At the ensuing hearing, defendant revealed that it had recently sold the mortgage to appellant. Thereafter, appellant voluntarily participated in disclosure proceedings and engaged in negotiations with plaintiff concerning a voluntary joinder stipulation. However, when the negotiations broke down, appellant moved to intervene with respect to so much of the action as involved the validity of its mortgage, and also in order to assert various claims of its own against plaintiff and the putative beneficial owner of the property for acts committed before the assignment.

Appellant represented on oral argument that, if permitted to intervene, it will tailor its pleadings so as to obviate the need

for further motion practice. Appellant shall be bound by such representation and, in addition, there shall be no further discovery on appellant's account. Under such conditions, intervention will not unduly delay the determination of the action (CPLR 1013).

Plaintiff may amend its complaint to assert any direct claims it may have against appellant. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.