Wenegieme v Southstar Funding, LLC (2019 NY Slip Op 04774)





Wenegieme v Southstar Funding, LLC


2019 NY Slip Op 04774


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9623 304056/16

[*1]Celeste Wenegieme, Plaintiff-Appellant,
v
Southstar Funding, LLC, et al., Defendants-Respondents.


Celeste Wenegieme, appellant pro se.
Hinshaw & Culbertson, LLP, New York (Benjamin S. Noren of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about June 14, 2018, which granted the motion of defendants US Bank, N.A., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems (MERS) to dismiss the complaint, unanimously affirmed, without costs.
Even if denominated a "quiet title" action by plaintiff, this action is no different from her multiple prior attempts to vacate the foreclosure. Her quiet title cause of action rests on the same, previously-decided claims about the supposed invalidity of the mortgage, claims she has had a full and fair opportunity to litigate. Accordingly, the court below, as did Bronx Supreme Court in 2014 and as did Southern District of New York in 2017, properly dismissed the claim on collateral estoppel grounds (see Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65 [1969]; see also Wenegieme v US Bank, N.A., 2014 WL 5480610, 2014 NY Misc LEXIS 4473 [Sup Ct, Bronx Co, Sept. 17, 2014]; Wenegieme v US Bank, N.A., 2017 WL 1857254, 2017 US Dist LEXIS 68909 [SDNY 2017], affd 715 Fed Appx 65 [2d Cir 2018]).
To the extent the action constitutes a challenge to the validity of the assignment or the chain of title to the mortgage, such challenge is not appropriately asserted in an action to quiet title (see Cudjoe v Boriskin, 157 AD3d 654 [2d Dept 2018]).
Plaintiff fails to show how CPLR 4539 advances her position. To the extent she had grounds to challenge the authenticity of the mortgage documents, such challenge, if appropriately asserted by her at all, would have been in opposition to the summary judgment motion in Bronx Supreme Court in 2013, a motion she did not oppose. She shows no reason why this Court should hear such challenge now.
More fundamentally, plaintiff fails to show that she has standing to challenge the mortgage. She does not adequately rebut the findings in the previous court decisions that she was not the borrower on the mortgage; her contrary allegation in the complaint is belied by the Sylvester affidavit in the record, and she annexes no other documents to show that she, rather than Sylvester, was the original borrower or the assignee (see e.g. Landau v Hallstead, 159 AD3d 1095, 1097 [3d Dept 2018]; U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 105 AD3d 639 [*2][1st Dept 2013], lv denied 22 NY3d 863 [2014]; cf. Decana, Inc. v Contogouris, 24 AD3d 297 [1st Dept 2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK